Case 3:21-cv-00015   Document 24   Filed on 06/14/21 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas

**ENTERED**
June 14, 2021
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

No. 3:21-0015

SHANNON DAY, TDCJ #02084791, PLAINTIFF,

v.

BOBBY LUMPKIN, DEFENDANT.

## ORDER

JEFFREY VINCENT BROWN, UNITED STATES DISTRICT JUDGE.

Plaintiff Shannon Day, an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"), filed this civil-rights action on January 25, 2021. On March 30, 2021, the court dismissed the action under Federal Rule of Civil Procedure 41(b) because Day failed to comply with the court's notice of deficient pleading. Because Day has now filed an amended complaint as instructed, his prior motion for reconsideration is granted. This case is reinstated on the court's active docket.

Day seeks leave to proceed *in forma pauperis*. Because the plaintiff is incarcerated, this case is governed by the Prison Litigation Reform Act (the "PLRA"), 28 U.S.C. § 1915(b). The PLRA requires prisoners who proceed *in forma pauperis* to pay an initial partial filing fee and then to pay by installment the full balance of the $350 filing fee for indigent litigants. Having reviewed the documents filed by the plaintiff the court orders as follows:

1. Based on the certified inmate trust-fund account statement (Dkt. 17) provided by the plaintiff, the motion for leave to proceed *in forma pauperis* (Dkt. 16) is granted.

2. The plaintiff is assessed an initial partial filing fee of $20.00. The agency having custody of the plaintiff will collect this amount from the plaintiff's inmate trust-fund account or institutional equivalent, when funds are available, and forward it to the court.

3. Thereafter, the plaintiff will pay $330.00, the remainder of the $350 filing fee, in periodic installments as required by 28 U.S.C. § 1915(b). The agency having custody of the plaintiff will collect this amount from the plaintiff's inmate trust-fund account or institutional equivalent, when funds are available, and forward it to the court.

4. The plaintiff is responsible for signing all consents and other documents required by the agency having custody of the plaintiff to authorize the necessary withdrawal from the plaintiff's account.

5. Service of process will be withheld pending judicial screening pursuant to 28 U.S.C. § 1915A.

6. No amendments or supplements to the complaint may be filed without prior court approval. A complete amended complaint must be attached to any motion to amend. Any pleadings or other papers filed in violation of these directives may automatically be STRICKEN from the record without further notice, including any pleadings or other papers which contain any new claims or any new factual allegations not already explicitly raised in the original pleadings or any

court-approved amendments or supplements to the pleadings.  Any pleadings or other papers filed in violation of these directives in this paragraph may also subject the plaintiff to other sanctions, including the dismissal of this suit for failure to comply with court orders, if appropriate.

7.     All discovery in this case is stayed until the court enters an order to answer.

8.     No motions for appointment of counsel will be considered until the court has completed its screening pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2)(B) to determine if the complaint is frivolous, malicious, or fails to state a claim.

9.     The plaintiff must notify the court of any address change by filing a written notice with the clerk of court.  Failure to file such notice may result in this case being dismissed for want of prosecution.

## NOTICE TO PLAINTIFF

A.     Although you have been granted permission to proceed without prepayment of the filing fee, you must pay the full amount of the filing fee when funds are available under 28 U.S.C. § 1915(b).  If you do not wish to pay the full fee you must notify the court immediately in writing, by letter or motion, advising that you do not wish to prosecute this civil action.  Your notice must be received by the court within thirty days of the date of this order.

B.     Payment of all or part of the filing fee will not prevent dismissal of the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  If the case is dismissed on any of those grounds before payment of the entire filing fee, you must still pay the entire filing fee.  When a prisoner has had

three or more prior actions or appeals dismissed for being frivolous, malicious, or failing to state a claim upon which relief may be granted, the PLRA prohibits the prisoner from bringing any more actions or appeals *in forma pauperis* unless the prisoner is in imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g).

      C.    State law requires the forfeiture of good-conduct time credits as a sanction for any state or federal lawsuit brought by an inmate while in the custody of TDCJ, or confined in county jail awaiting transfer to TDCJ, that is dismissed as frivolous or malicious.  *See* Tex. Gov't Code § 498.0045.

**The Clerk of Court will reinstate this case on the court's active docket.  The Clerk is further instructed to send a copy of this order to the plaintiff and to (1) the TDCJ Office of General Counsel at the email address on file with the court; and (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, by email at ctfcourt.collections@tdcj.texas.gov.**

Signed on Galveston Island this  14th  day of  June , 2021.

                                               JEFFREY VINCENT BROWN
                                          UNITED STATES DISTRICT JUDGE